UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>        Plaintiff,<br><br>   vs.<br><br>ARNETTE, et al.,<br><br>        Defendants. | 1:16-cv-01212-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 62.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

On January 21, 2021, Plaintiff filed a document titled "Notice to the Court and Motion to Compel," in which he requests the court to compel officials at Kern Valley State Prison (KVSP) to provide him access to five boxes of legal property that he needs to litigate this case. (ECF No. 62.) The court construes Plaintiff's motion as a motion for preliminary injunctive relief.

**II.    PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### III.   PLAINTIFF'S MOTION

Plaintiff requests a court order compelling prison officials at KVSP to give him access to the boxes of his legal property that are in storage because he is not allowed more than six cubic feet of property in his cell.

### Analysis

It appears from Plaintiff's request that the documents he wishes to access are at KVSP. If so, the court lacks jurisdiction to issue the order Plaintiff seeks. The court cannot issue an order compelling officials at KVSP to act because the court lacks personal jurisdiction over them. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court." See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Here, Plaintiff filed his case against defendants at California State Prison-Los Angeles County in Lancaster, California (CSP-Lancaster) for events occurring when Plaintiff was incarcerated there. Plaintiff is now at KVSP, but KVSP officials are not currently before the court in this case. Therefore, Plaintiff's request for the court to issue an order for KVSP officials to provide him documents must be denied.

### IV.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on January 21, 2021, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **March 3, 2021**            **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE