UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>            Plaintiff,<br><br>    vs.<br><br>ARNETTE, et al.,<br><br>            Defendants. | 1:16-cv-01212-DAD-GSA-PC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS LOPEZ AND VASQUEZ SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE (ECF No. 69.)**<br><br>**THIRTY DAY DEADLINE** |

**I.    BACKGROUND**

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.  This case now proceeds with Plaintiff's Second Amended Complaint, filed on September 10, 2018, on (1) Plaintiff's ADA claims against defendants Vasquez, Keener, Gonzales,[1] Flores, Arnett,[2] Zamora, and Lopez, in their official capacities; 2)

---

[1] Sued as Gonzalez.

[2] Sued as Arnette.

1

Plaintiff's Eighth Amendment conditions of confinement claims against defendants Vasquez, Keener, and Gonzales; and (3) Plaintiff's due process claims against defendants Vasquez, Keener, and Gonzales.  (ECF No. 33.)

On June 8, 2020, the court issued an order directing E-service on defendants Vasquez, Keener, Gonzales, Flores, Arnett, Zamora, and Lopez.  (ECF No. 48.)  On August 17, 2020, waivers of service were returned executed by defendants Flores, Arnett, and Keener.  (ECF No. 53.)  On September 4, 2020, a waiver of service was returned executed by defendant Gonzales.  (ECF No. 54.)  On October 30, 2020, defendants Arnett, Flores, Gonzales, and Keener filed an Answer to the complaint.  (ECF No. 57.)  On February 28, 2021, the United States Marshal ("Marshal") filed returns of service unexecuted for defendants Vasquez and Lopez.  (ECF No. 69.)  On March 19, 2021, the Marshal filed a return of service executed for defendant Zamora. (ECF No. 71.)

## II.     SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)).  However,

where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

*Background*

The returns of service filed by the Marshal on February 8, 2021, indicate that on February 8, 2021, the Marshal returned process unexecuted for defendants Vasquez and Lopez because there was not enough information to identify them.  (ECF No. 69.)

Pursuant to Rule 4(m), the court will provide Plaintiff with an opportunity to show cause why defendants Vasquez and Lopez should not be dismissed from this action for failure to serve process.  Plaintiff has not provided sufficient information to identify and locate defendants Vasquez and Lopez for service of process.  If Plaintiff is unable to provide the Marshal with additional information, defendants Vasquez and Lopez shall be dismissed from this action.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why defendants Vasquez and Lopez should not be dismissed from this action pursuant to Rule 4(m); and

2. Plaintiff's failure to respond to this order may result in the dismissal of defendants Vasquez and Lopez or dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:  **March 24, 2021**           **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE