UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>          Plaintiff,<br><br>     vs.<br><br>ARNETTE, et al.,<br><br>          Defendants. | **1:16-cv-01212-DAD-GSA-PC**<br><br>**ORDER GRANTING DEFENDANTS ARNETT, FLORES, GONZALES, AND KEENER'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 74.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br><u>New Discovery Deadline</u>:            **June 5, 2021**<br><br><u>New Dispositive Motions Deadline</u>:  **August 5, 2021** |

**I.    BACKGROUND**

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. This case now proceeds with Plaintiff's Second Amended Complaint filed on September 10, 2018, on (1) Plaintiff's ADA claims against defendants Vasquez, Keener, Gonzales, Flores, Arnett, Zamora, and Lopez, in their official capacities; (2) Plaintiff's Eighth Amendment conditions of confinement claims against defendants Vasquez, Keener, and


Gonzales; and (3) Plaintiff's due process claims against defendants Vasquez, Keener, and Gonzales. (ECF No. 33.)

On November 6, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of April 6, 2021, and a dispositive motions deadline of June 6, 2021. (ECF No. 59.) On April 1, 2021, defendants Arnett, Flores, Gonzales, and Keener ("Defendants") filed a motion to modify the Scheduling Order. (ECF No. 74.)

## II.   MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request a sixty-day extension of the discovery and dispositive motions deadlines in the court's Discovery and Scheduling Order due to the fact that Plaintiff's Second Amended Complaint names seven defendants but only four of them have been served and answered the complaint. Defendants seek an extension of time to decide whether the Attorney General's Office will represent defendants who were recently served or still to be served. Defendants also request additional time to take Plaintiff's deposition, which has been noticed but not yet taken.

The court finds good cause to extend the discovery and dispositive motions deadlines in the court's Discovery and Scheduling Order. Defendants have shown that even with the exercise of due diligence they cannot meet the requirements of the order. Therefore, the motion to modify the Discovery and Scheduling Order filed by defendants Arnett, Flores, Gonzales, and Keener shall be granted.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants Arnett, Flores, Gonzales, and Keener's motion to modify the court's Discovery and Scheduling Order, filed on April 1, 2021, is GRANTED;
2. The deadline for the completion of discovery is extended from April 6, 2021 to **June 5, 2021** for all parties to this action;
3. The deadline for filing and serving pretrial dispositive motions is extended from June 6, 2021 to **August 5, 2021** for all parties to this action; and
4. All other provisions of the court's November 6, 2020 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **April 8, 2021**                         **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE