UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ARNETTE, et al.,<br><br>　　　　　　Defendants. | **1:16-cv-01212-DAD-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 78.)** |

## I.　BACKGROUND

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

On November 6, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties including a discovery deadline of April 6, 2021, and a dispositive motions deadline of June 6, 2021.  (ECF No. 59.)  On April 1, 2021, defendants Arnett, Flores, Gonzales, and Keener ("Defendants") filed a motion to modify the Scheduling Order.  (ECF No. 74.)

On April 9, 2021, the court issued an order granting Defendants' motion to modify the Scheduling Order, extending the deadlines for discovery and for the filing of dispositive motions for all parties.  (ECF No. 77.)  On April 19, 2021, Plaintiff filed an opposition to the modification of the discovery deadline, which the court construes as a motion for reconsideration of the April 9, 2021 order.  (ECF No. 78.)

1

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the extension of the discovery deadline to depose Plaintiff, because of Defendants' misconduct.  First, Plaintiff claims that Defendants failed to comply with deadlines in the court's Discovery Order which require that all discovery requests be served at

least 60 calendar days before the discovery deadline, and that notice of a deposition be served at least 15 calendar days before such deposition.  Plaintiff asserts that Defendants waited until March 22, 2021 to serve notice of Plaintiff's deposition and by the time Plaintiff received the notice, only 10 days were left until the scheduled deposition date.  Second, Plaintiff argues that Defendants were not held to the same standard for complying with deadlines as Plaintiff was in a previous case when he was excluded from discovery for missing the "45-day rule."  (ECF No. 78 at 2:3-7.)  Plaintiff contends that Defendants should be held accountable for waiting until the last minute and scheduling his deposition for the very last day of discovery.

### III.     DISCUSSION

Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Plaintiff claims that Defendants have not complied with deadlines, but he cites no examples of any deadlines that Defendants failed to meet.  Modification of a scheduling order requires a showing of good cause, which requires a showing of due diligence by the party seeking modification.  In its order of April 9, 2021, the court found that Defendants showed that even with the exercise of due diligence they could not meet the requirements of the prior scheduling order.  Plaintiff has not presented the court with newly discovered evidence, shown that the court committed clear error, or claimed there was an intervening change in the controlling law.   Therefore, Plaintiff's motion for reconsideration shall be denied.

### IV.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on April 19, 2021, is DENIED.

IT IS SO ORDERED.

  Dated:   **April 22, 2021**                               **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE