UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>   Plaintiff,<br><br> vs.<br><br>ARNETTE, et al.,<br><br>   Defendants. | 1:16-cv-01212-DAD-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART**<br>**(ECF No. 75.)**<br><br>**ORDER FOR DEFENDANTS TO PROVIDE FURTHER RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS #1 AND #2 WITHIN THIRTY DAYS** |

## I.  BACKGROUND

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. This case is now in the discovery phase.

On April 5, 2021, Plaintiff filed a motion to compel.[1] (ECF No. 75.) On April 28, 2021, defendants Arnette, Flores, Gonzalez, and Keener ("Defendants") filed an opposition to the motion. (ECF No. 82.) Plaintiff's motion to compel is now before the court. Local Rule 230(*l*).

---

[1] The motion also contains objections to the findings and recommendations issued on March 4, 2021. The findings and recommendations recommended that Plaintiff's motion for preliminary injunctive relief, filed on January 21, 2021, be denied. (ECF No. 70.) This order does not address these objections which are moot as the findings and recommendations were adopted by the district judge on April 20, 2021, denying Plaintiff's motion for preliminary injunctive relief.

1

## II. MOTION TO COMPEL

### Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[2] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents

///

---

[2]"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

2

as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P., 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011).

### A. **Plaintiff's Motion**

Plaintiff requests the court to compel Defendants to produce a video tape, and to identify the emergency medical code called by the visiting room staff on August 11, 2012. Plaintiff also requests the court to compel Defendants to provide Plaintiff with his Central File, to records documents from his Medical File for the month of August 2012, and to provide enough information to identify and serve defendants Lopez and Vasquez.

In response to Defendants' claim that the video tape does not exist and that Plaintiff can retrieve the documents requested from his Medical and Central Files himself, Plaintiff states that he has not been given access to his Central File, and the records received from Medical were missing the entire month of August 2012 that he had requested.

///

### B. **Defendants' Opposition**

Defendants oppose the motion to compel because they properly objected and responded to Plaintiff's requests for these records. Defendants state that on January 11, 2021, Plaintiff served written discovery requests, which included interrogatories, requests for admissions, and requests for production of documents on Defendants. (Decl. of Chen ¶ 2.) On February 16, 2021, Defendants served responses to Plaintiff's requests. (Id.)

Defendants also argue that Plaintiff's motion should be denied because Plaintiff fails to provide the court with sufficient information regarding which discovery requests he disputes and why, failing to meet his initial burden of informing the court which discovery requests are the subject of the motion to compel and for each disputed response, why the information sought is relevant and why the responding party's objections were not meritorious. Nonetheless, here Defendants have offered to furnish the document requests and response at issue for the court's ease.

### C. **Discussion**

Defendants are correct that Plaintiff's motion to compel is deficient. Plaintiff has not properly informed the court which discovery requests and responses are at issue by restating them in the motion to compel. Most discovery requests and responses are exchanged between parties, outside of the court, and Local Rules prohibit the filing of discovery documents as a matter of course. As a result, the court is not informed of the parties' discovery unless it at issue, such as in a motion to compel.

Plaintiff is advised that when he brings a motion to compe, he must inform the court which discovery requests and responses are at issue by restating them word-for-word in the motion to compel. For each disputed response Plaintiff is required to discuss why the information sought is relevant and why the responding party's objections are not meritorious.

In this case, Defendants have provided the information that Plaintiff failed to provide, saving the parties substantial time and effort and allowing the court to proceed with Plaintiff's motion. The court shall address each of Plaintiff's requests at issue in turn.

///

**REQUEST FOR PRODUCTION NO. 1:**

"Produce the videotape of the visiting room on 8-11-12."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this request on the grounds it is vague and ambiguous as to "videotape," and vague as to time and subject matter. Without waiving any objection, assuming that Plaintiff is referring to surveillance video of the visiting room he was in on August 11, 2012, after a reasonably diligent search of records within Defendants' possession, custody, and control, Defendants respond that no such videotape exists.

### Plaintiff's Argument Regarding Request For Production No. 1:

Plaintiff contends that "not only is there a videotape, but there's a record of the emergency medical code called by the visiting room staff." (ECF No. 75 at 1.)

### Defendants' Argument Regarding Request For Production No. 1:

Defendants argue that they properly responded that no videotape exists after a reasonably diligent search of records within Defendants' possession, custody, and control. They argue that because the requested document does not exist and Defendants represented it is not in their possession or control, that there is nothing for the Court to compel. Plaintiff's motion should be denied.

### Court's Discussion and Ruling

Defendants have responded that they conducted a reasonably diligent search of records within their possession, custody, and control. This response is insufficient.

To the extent that Defendants contend that they are not in possession, custody or control the requested videotape or CDCR's records, that objection lacks merit. The specific facts of this case render such an objection unfounded. By virtue of their employment with non-party CDCR, individual defendants are represented by the Attorney General's Office. It is this Court's experience that individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced. See, e.g., Mitchell v.

Adams, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D.Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223-24 (N.D.Ind. 1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced."). If Defendants choose to stand on this objection, they must provide factual support for the assertion that, in spite of their relationship to CDCR, they do not have possession, custody or control of the records or the requested videotape.

Defendants are required to make a diligent search of CDCR's records for the videotape requested by Plaintiff and to describe the methods they used to search the records and what they found. If Defendants have already made a diligent search of CDCR's records for the videotape, they are required to explain the methods they used to search the records and what they found.

Accordingly, Plaintiff's motion to compel a further response to Plaintiff's request for production of documents #1 is granted. Defendants are required to provide a further response within thirty days from the date of service of this order.

**REQUEST FOR PRODUCTION NO. 2:**

"Produce any and all documentation relating to the medical code on that day, (8-11-12) from medical and custody."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this request on the grounds it is vague and overbroad as to "any and all documentation relating to the medical code." Without waiving any objection, other than documents contained in Plaintiff's own central and medical file to which Plaintiff has access, Defendants are unaware of the existence of any additional documents that would be responsive to this request.

///

///

**Plaintiff's Argument Regarding Request for Production No. 2:**

Plaintiff contends that "not only is there a videotape, but there's a record of the emergency medical code called by the visiting room staff." (ECF No. 75 at 1.) Plaintiff argues that Defendants' response is a "blatant refusal to comply." (Id.) Plaintiff claims he filed an emergency appeal/grievance, seeking his central file and medical file records. (Id.) He claims that he has still not received his central file records and that the medical records he received were "missing the entire month of August 2012 that was requested." (Id.) Plaintiff moves the Court to compel the Defendants (CDCR) to provide Plaintiff access to his central file through an Olsen Review and to produce the documents from his medical file for the month of August 2012.

**Defendants' Argument Regarding Request for Production No. 2:**

Defendants argue that Plaintiff's motion to compel a further response to Plaintiff's request for production of documents #2 should be denied because they properly objected to Plaintiff's request on the grounds that it was vague and overbroad as to "any and all documentation relating to the medical code." Without waiving this objection, Defendants respond that other than documents contained in Plaintiff's own central and medical file to which Plaintiff has access, Defendants were unaware of the existence of any additional documents that would be responsive to this request. Defendants argue that they should not be compelled to produce documents in Plaintiff's own medical file to which Plaintiff has access.

**Court's Discussion and Ruling**

Where prison medical records are "equally available to plaintiff, plaintiff must attempt to obtain them through the proper prison channels" before seeking court intervention based on a "showing that he has been unable to obtain these records on his own". See e.g. Glass v. Diaz, 2007 WL 2022034, at *4, 2007 U.S. Dist. LEXIS 53535 (E.D. Cal. July 9, 2007); Valenzuela v. Smith, 2006 WL 403842, at *2, 2006 U.S. Dist. LEXIS 6078 (E.D. Cal. Feb. 16, 2006) ("[d]efendants cannot be compelled to produce documents . . . that are equally available to plaintiff in his prison medical file"); Singleton v. Hedgepath, 2011 WL 1806515, at *8 (E.D. Cal. May 10, 2011) (denying plaintiff's motion to compel defendants' production of documents from his prison file because the documents were "equally accessible to both parties"); Cortinas v.

Huerta, 2019 WL 6050833, at *4, 2019 U.S. Dist. LEXIS 198712 (E.D. Cal. Nov. 15, 2019) (declining to compel defendants to produce plaintiff's prison medical records without a showing of plaintiff's "efforts to request and access these files through an Olson review or a subpoena duces tecum").

Plaintiff describes difficulties in accessing his central file and specifically the August 2012 records in his medical file. Defendant's counsel is directed to work with the litigation coordinator to provide Plaintiff with meaningful access to Plaintiff's central file and his August 2012 medical records.

Accordingly, Plaintiff's motion to compel a further response to his request for production of documents #2 is granted. Defendants are to provide a further response within thirty days from the date of service of this order.

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE INFORMATION REGARDING UN-SERVED DEFENDANTS.**

Plaintiff seeks to compel Defendants to produce adequate information in order to properly serve defendants Vasquez and Lopez. On February 8, 2021, the Marshal returned the summonses for these un-served defendants as unexecuted because Plaintiff did not provide sufficient information to identify them for service. (ECF No. 69.) On March 24, 2021, the court issued an order requiring Plaintiff to show cause why these defendants should not be dismissed for failure to effect service. (ECF No. 72.)

Defendants argue that Plaintiff's request for service information from Defendants should be denied as premature since the court's order to show cause is pending. In addition, Defendants argue that it is improper to move to compel information that was never requested in discovery, and the court cannot compel such disclosure.

**Court's Discussion And Ruling**

The court concurs with Defendants that Plaintiff's request for service information from Defendants is premature, and that such request is improper in a motion to compel without having previously made the request in discovery. Plaintiff states that he just received the court's order

///

to show cause and on April 23, 2021, Plaintiff requested and was granted a thirty-day extension of time to respond to the order to show cause. (ECF Nos. 81, 83.)

Accordingly, Plaintiff's motion to compel Defendants to provide information identifying Plaintiff's unserved defendants for service shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on April 5, 2021, is GRANTED in part;
2. Plaintiff's motion to compel Defendants to provide a further response to Plaintiff's request for production #1 is granted;
3. Plaintiff's motion to compel Defendants to provide a further response to Plaintiff's request for production #2 is granted;
4. Plaintiff's motion to compel Defendants to identify Plaintiff's unserved defendants Lopez and Vasquez for service of process is denied; and
5. Within thirty days from the date of service of this order, Defendants shall provide further responses to Plaintiff's requests for production #1 and #2, as instructed by the court in this order.

IT IS SO ORDERED.

Dated: **May 22, 2021**           **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE