UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>ARNETTE, et al.,<br><br>        Defendants. | 1:16-cv-01212-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ZAMORA, WITHOUT PREJUDICE**<br>**(ECF No. 89.)** |

### I. BACKGROUND

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. This case now proceeds with Plaintiff's Second Amended Complaint, filed on September 10, 2018, on: (1) Plaintiff's ADA claims against defendants Vasquez, Keener, Gonzales,[1] Flores, Arnett,[2] Zamora, and Lopez, in their official capacities; 2) Plaintiff's Eighth Amendment conditions of confinement claims against defendants Vasquez, Keener, and Gonzales; and, (3) Plaintiff's due process claims against defendants Vasquez, Keener, and Gonzales. (ECF No. 33.)

---

[1] Sued as Gonzalez.

[2] Sued as Arnette.

1

On June 14, 2021, Plaintiff filed a motion for default judgment against defendant Zamora. (ECF No. 89.)  No opposition has been filed.

## II.  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

In this case defendant Zamora was personally served with process on March 19, 2021. (ECF No. 71.)  More than 60 days have passed and defendant Zamora has not filed an answer, a motion under Rule 12, or any other response to Plaintiff's complaint. (See court record.) Thus, Plaintiff now seeks default judgment against defendant Zamora in the amount of $200,000.00.

Plaintiff is advised that the Federal Rules of Civil Procedure provide a two-step process when a defendant fails to respond.  Fed. R. Civ. P. 55.  First, there must be an entry of default as provided by Rule 55(a).  Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend.  Fed. R. Civ. P. 55(a). Once the clerk of the court enters default, only then may plaintiff move for default judgment.  Federal Rule of Civil Procedure 55(b)(2) provides for a court-ordered default judgment after an entry of default under Federal Rule of Civil Procedure 55(a).  See Penpower Technology Ltd. v. SPC Technology, 627 F.Supp.2d 1083, 1088 (N.D. Cal. 2008). Because the clerk's default has not yet been entered, as required under Rule 55(a), Plaintiff's motion for default judgment is premature.  Therefore, Plaintiff's motion for default judgment is denied without prejudice.  If appropriate, Plaintiff may file a motion for default judgment after default is entered by the clerk of court.

## III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment against defendant Zamora, filed on June 14, 2021, is denied without prejudice.

IT IS SO ORDERED.

Dated:  **July 17, 2021**         **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE