UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>ARNETTE, et al.,<br><br>        Defendants. | **1:16-cv-01212-DAD-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 107.)** |

## I. BACKGROUND

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

On September 20, 2021, the court granted defendant Zamora's request by special appearance for an extension of time to in which to file a response to the court's order to show cause issued on August 6, 2021. (ECF No. 105.) On September 20, 2021, Plaintiff filed objections to the court's order which the court construes as a motion for reconsideration. (ECF No. 107.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)

1

1   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an
2   opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R.
3   Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest
4   injustice and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v.
5   Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The
6   moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u>
7   (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local
8   Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed
9   to exist which did not exist or were not shown upon such prior motion, or what other grounds
10  exist for the motion."

11       "A motion for reconsideration should not be granted, absent highly unusual
12  circumstances, unless the district court is presented with newly discovered evidence, committed
13  clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals,
14  Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks
15  and citations omitted, and "[a] party seeking reconsideration must show more than a
16  disagreement with the Court's decision, and recapitulation . . . " of that which was already
17  considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d
18  1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly
19  convincing nature to induce the court to reverse its prior decision.  <u>See</u> <u>Kern-Tulare Water Dist.
20  v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in
21  part on other grounds, 828 F.2d 514 (9th Cir. 1987).

22       Here, Plaintiff objects to the court's decision to grant defendant Zamora an extension of
23  time to respond to the court's order to show cause.  "When an act may or must be done within a
24  specified time, the court may, for good cause, extend the time."  Fed. R. Civ. P. 6(b)(1).  Good
25  cause requires less than manifest injustice but a focus on the diligence of the moving party and
26  that party's reasons for seeking modification are the court's focus in determining whether to
27  permit an enlargement of time. <u>Stoddart v. Express Services,</u> 2017 WL 3333994 *1-*2 (E.D. Ca.
28  August 4, 2017) (other citations omitted).  The District court possesses broad discretion to

manage its own docket, which includes inherent power to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Plaintiff does not present the Court with any newly-discovered evidence or show that the Court committed clear error in its ruling. Nor does he point to any intervening change in controlling law. Instead, Plaintiff merely disagrees with the court's decision and recapitulates that which was already considered by the Court in rendering its decision. Accordingly, Plaintiff fails to show any reason why the Court should reconsider its prior order, and the Court will deny his motion for reconsideration.

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on September 20, 2021, is DENIED.

IT IS SO ORDERED.

Dated:   **September 23, 2021**                     **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE