UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>ARNETTE, et al.,<br><br>        Defendants. | 1:16-cv-01212-DAD-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS ARNETT, FLORES, GONZALES, AND KEENER'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 109.)**<br><br>**ORDER VACATING DEADLINES IN COURT'S DISCOVERY AND SCHEDULING ORDER PENDING RESOLUTION OF ISSUES** |

**I.     BACKGROUND**

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.  This case now proceeds with Plaintiff's Second Amended Complaint filed on September 10, 2018, on (1) Plaintiff's ADA claims against defendants Vasquez, Keener, Gonzales, Flores, Arnett,[1] Zamora, and Lopez, in their official capacities; (2) Plaintiff's Eighth Amendment conditions of confinement claims against defendants Vasquez, Keener, and Gonzales; and (3) Plaintiff's due process claims against defendants Vasquez, Keener, and Gonzales.  (ECF No. 33.)

---

[1] Sued as Arnette.

1

On November 6, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties. (ECF No. 59.) After extensions of the deadlines, the current discovery deadline is August 5, 2021, and the current deadline for filing dispositive motions is October 5, 2021. (ECF No. 93.)

On September 30, 2021, defendants Arnett, Flores, Gonzales, and Keener ("Defendants") filed a motion for (1) the issuance of a new scheduling order after the court resolves the issues of the recently-served defendant [Zamora] and the unserved defendants [Vasquez and Lopez], or in the alternative, for (2) a 90-day extension of the dispositive motions deadline. (ECF No. 109.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

## III.    DISCUSSION

In this case, the deadlines for discovery and the filing of dispositive motions have been extended three times, and the most recent deadlines – August 5, 2021 for completion of discovery and October 5, 2021 for the filing of dispositive motions – have now expired. Yet two of the Defendants [Vasquez and Lopez] have not been served, and one of the Defendants [Zamora] has been served but has not appeared.

Defendants request the court to vacate the current deadlines and issue a new scheduling order *after* the pending issues with these three Defendants have been resolved allowing all of the Defendants to present a united defense and preventing the need to file multiple overlapping and repetitive motions that would require separate oppositions and replies. Defendants argue that this would help preserve the court's and the parties' resources.

In the alternative, Defendants request a ninety-day extension of the deadline to file dispositive motions. Due to her workload in other matters, defense counsel has been unable to prepare and file Defendants' motion for summary judgment.

Defendants have shown that even with the exercise of due diligence they cannot meet the requirements of the court's current scheduling order. On August 5, 2021, Defendants took Plaintiff's deposition. (Decl. of Janet Chen, ECF No. 109 ¶ 2.) The Attorney General's Office does not currently represent defendant Zamora, but steps have been taken towards his representation. (Id.) On September 1, 2021, Defendants served responses to Plaintiff's second set of requests for production of documents which sought information about un-served Defendants Vasquez and Lopez. (Id.)

The court finds good cause to grant Defendants' motion to vacate the current deadlines in the scheduling order and issue a new scheduling order *after* the pending issues with Defendants Zamora, Vasquez, and Lopez have been resolved.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants Arnett, Flores, Gonzales, and Keener's motion to modify the court's Discovery and Scheduling Order, filed on September 30, 2021, is GRANTED;
2. The court's Discovery and Scheduling Order is VACATED until after the pending issues with Defendants Zamora, Vasquez, and Lopez have been resolved, at which time the court shall issue a new scheduling order.

IT IS SO ORDERED.

Dated:   **October 14, 2021**              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE