UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>       Plaintiff,<br><br>  vs.<br><br>ARNETTE, et al.,<br><br>       Defendants. | **1:16-cv-01212-DAD-GSA-PC**<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**<br>**(ECF No. 97.)**<br><br>**ORDER FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S REQUEST FOR PRODUCTION #3**<br><br>**THIRTY-DAY DEADLINE** |

## I.    BACKGROUND

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.  This case now proceeds with Plaintiff's ADA claims against defendants Vasquez, Keener, Gonzalez, Flores, Arnett,[1] Zamora, and Lopez; Plaintiff's Equal Protection claims against defendants Lopez and Zamora; Plaintiff's Eighth Amendment Claims

---

[1] Sued as Arnette.

1

against defendants Vasquez, Keener And Gonzalez; and, Plaintiff's Due Process Claims Against defendants Vasquez, Keener, and Gonzalez.  Defendants Vasquez and Lopez remain unserved.  Defendant Zamora has been served but has not appeared.

On July 1, 2021, the court granted Defendants' motion to modify the scheduling order and extended the discovery deadline to August 5, 2021, and the dispositive motions deadline to October 5, 2021.  (ECF No. 93.)

On August 2, 2021, Plaintiff filed a motion to compel.  (ECF No. 97.)  On August 24, 2021, defendants Arnette, Flores, Gonzalez, and Keener ("Defendants") filed an opposition to the motion.  (ECF No. 100.)  Plaintiff's motion to compel is now before the court.  Local Rule 230(*l*).

## II.   MOTION TO COMPEL

### Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[2]  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a)(1).  "[A] party need not have actual possession of documents to be deemed in control of them."  Clark v. Vega Wholesale Inc., 181

---

[2]"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

2

F.R.D. 470, 472 (D.Nev. 1998) quoting <u>Estate of Young v. Holmes</u>, 134 F.R.D. 291, 294 (D.Nev. 1991).  "A party that has a legal right to obtain certain documents is deemed to have control of the documents."  <u>Clark</u>, 181 F.R.D. at 472; <u>Allen v. Woodford</u>, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing <u>In re Bankers Trust Co.</u>, 61 F.3d 465, 469 (6th Cir.1995)); <u>accord</u> <u>Evans v. Tilton</u>, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(E)(I).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3) (B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).  Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., <u>Grabek v. Dickinson</u>, No. CIV S–10–2892 GGH P., 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); <u>Ellis v. Cambra</u>, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack v. Virga</u>, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011).

///

///

### III.   PLAINTIFF'S MOTION – PARTIES' POSITIONS

This is Plaintiff's second motion to compel.  Plaintiff's first motion to compel was filed on April 5, 2021.  (ECF No. 75.)[3]

In his second motion to compel, now before the court, Plaintiff requests the court to compel Defendants to comply with the court's order issued on May 24, 2021, which granted in part Plaintiff's first motion to compel.  The order required Defendants to respond to a request to produce a video tape of the visiting room on August 11, 2012, and to work with the litigation coordinator to provide Plaintiff with meaningful access to Plaintiff's central file and his August 2012 medical records.  (ECF No. 85.)  Plaintiff also seeks to compel Defendants to produce adequate information in order to properly serve defendants Vasquez and Lopez.

Plaintiff concedes that he received an Olsen review of his medical file but claims that certain documents have "mysteriously gone missing."  (ECF No. 97 at 1.)  Plaintiff asserts that he previously acquired the documentation he seeks after a prior Olsen review, but then a defendant threw away an entire box of his legal materials including those documents.  Plaintiff also seeks to compel Defendants to produce the video tape of the visiting room on August 11, 2012, which he requested in his first motion to compel.  He argues that Defendants acted in bad faith to avoid production of the video tape and documents.

In opposition, Defendants assert that they complied with the court's May 24, 2021 order by supplementing their responses and there is nothing further to compel.  As for the video tape, Defendants report that they already made a diligent search of CDCR's records (not just records in the individual Defendant's possession, custody, and control) for the videotape of the visiting room on August 11, 2012, and were informed by the Litigation Coordinator at Corcoran State Prison that no such video tape exists.  Defendants argue that they cannot be compelled to produce a video tape that they have searched for and does not exist.  As for providing Plaintiff with access to his prison records, Defendants report that defense counsel arranged to allow Plaintiff an

---

[3] Plaintiff also filed a motion to compel on January 21, 2021.  (ECF No. 62.)  Plaintiff sought a court order compelling Kern Valley State Prison to allow him access to his legal materials.  This motion was construed as a motion for preliminary injunctive relief and resolved on April 20, 2021.  (ECF No. 79.)

opportunity to view his August 2012 medical records.  Defendants argue that if documents are missing from his medical file, as Plaintiff confirms, Defendants are unable to produce them.

Defendants acknowledge that on June 23, 2021, Plaintiff served a Request for Production of Documents No. 3, in which he sought "adequate information in order to properly serve Defendants Vasquez and Lopez."  (Chen Decl., ECF No. 100 at 9 ¶ 3.)  Defendants concede that they failed to timely respond to the Request and now seek an extension of time to respond.  (Id.)

## IV.    DISCUSSION

Defendants have responded that they conducted a diligent search of CDCR's records (not just records in the individual Defendant's possession, custody, and control) for the videotape of the visiting room on August 11, 2012, and were informed by the Litigation Coordinator at Corcoran State Prison that no such video tape exists.  This response is sufficient.  Defendants cannot produce a video tape that does not exist.  Plaintiff's motion to compel production of the video tape shall therefore be denied.

Defendants also respond that they complied with the court's May  24, 2021 order and arranged to allow Plaintiff an opportunity to view his August 2012 medical records.  Plaintiff has acknowledged that he received an Olsen review of his medical file but that certain documents were missing from the records.  Defendants' response is sufficient.  Defendants cannot produce a document that does not exist in the file.  Plaintiff's motion to compel production of his August 2012 medical records file shall likewise be denied.

Defendants did not sufficiently respond to Plaintiff's Request for Production No. 3, in which Plaintiff requests Defendants to produce adequate information in order to properly serve defendants Vasquez and Lopez.  Defendants have conceded that they did not timely respond, and they now request an extension of time to do so.

It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("failure to object to discovery requests within the time required constitutes a waiver of any objection.") Defendants clearly did not object to Plaintiff's Request for Production #3 within the

time required by the Federal Rules.  Therefore, Plaintiff's motion to compel Defendants to respond to Plaintiff's Request for Production #3 shall be granted and Defendants shall be required to respond, without objections, within thirty days.

## V.    CONCLUSION

Based on the foregoing, IT IS  HEREBY ORDERED that:

1.    Plaintiff's motion to compel, filed on August 2, 2021, is GRANTED in part;

2.    Plaintiff's motion to compel Defendants to provide a further response to Plaintiff's request for a video tape of the visiting room on August 11, 2012 (Request for Production #1) is denied;

3.    Plaintiff's motion to compel Defendants to provide him access to his prison records (Request for Production #2) is denied;

4.    Plaintiff's motion to compel Defendants to respond to Plaintiff's request for information to enable service of process upon defendants Lopez and Vasquez (Request for Production #3) is granted; and

5.    Within thirty days from the date of service of this order, Defendants shall provide a response, without objections, to Plaintiff's Request for Production #3.

IT IS SO ORDERED.

Dated:   __**October 15, 2021**__            _____**/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE