UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ARNETTE, et al.,<br><br>　　　　Defendants. | **1:16-cv-01212-DAD-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 112.)** |

## I.　BACKGROUND

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

On October 15, 2021, the court granted Defendants' motion to modify the scheduling order, and on October 18, 2021, the court granted in part Plaintiff's motion to compel. (ECF Nos. 110, 111.) On October 20, 2021, Plaintiff filed an opposition to the court's orders, which the court construes as a motion for reconsideration. (ECF No. 112.)

## II.　MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R.

Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u> <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the court's decisions to stay the deadlines in this case pending resolution of issues related to unserved defendants and a defendant who has not appeared, and to compel Defendants to respond to Plaintiff's discovery request.

Plaintiff does not present the Court with any newly-discovered evidence or show that the Court committed clear error in its rulings. Nor does he point to any intervening change in controlling law. Instead, Plaintiff merely disagrees with the court's decisions and recapitulates that which was already considered by the Court in rendering its decisions. Accordingly, Plaintiff fails to show any reason why the Court should reconsider its prior orders, and the Court will deny his motion for reconsideration.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on October 20, 2021, is DENIED.

IT IS SO ORDERED.

Dated: __October 21, 2021__          _____/s/ Gary S. Austin_____
                                    UNITED STATES MAGISTRATE JUDGE