UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>        Plaintiff,<br><br>   vs.<br><br>ARNETTE, et al.,<br><br>        Defendants. | **1:16-cv-01212-DAD-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**<br>**(ECF No. 98.)**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br>**(ECF No. 99.)**<br><br>**ORDER FOR DEFENDANT ZAMORA TO FILE A RESPONSE TO THE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS**<br>**(ECF No. 33.)** |

**I.    BACKGROUND**

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

On August 2, 2021, Plaintiff filed a request for entry of default against defendant Zamora for failing to appear in the case after having been served. (ECF No. 98.) On August 6, 2021, the court issued an order to show cause requiring defendant Zamora to respond and show cause why default should not be entered against him. (ECF No. 99.) By Special Appearance on September 7, 2021, the Office of the Attorney General requested and was granted an extension of time on behalf of Defendant Zamora to prepare his response to the court's order to show cause. (ECF Nos. 103, 105.)   On October 20, 2021, defendant Zamora appeared and filed a response to the order to show cause. (ECF No. 113.)

## II.     ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Under Rule 55(c), the court may set aside an entry of default for good cause.

## III.    PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT -- PARTIES' POSITIONS

Plaintiff requests entry of default against defendant Zamora for Zamora's failure to plead or otherwise defend in this case after having been served with process more than 60 days ago.

In opposition, Defendant Zamora argues that default should not be entered against him because his failure to appear was due to excusable neglect, and the factors for default judgment weigh against default judgment. He states that he intends to defend against this action and requests the court to discharge its order to show cause. He argues that the clerk cannot enter

default because defendant Zamora has now appeared in this action and stated his intent to defend the claims.

Defendant Zamora declares that he did not intend to evade this action. He separated from his employment with CDCR in 2014 and has not been employed by CDCR since that time. (Decl. of Zamora, ECF No. 113-1 at 1 ¶ 2.) He acknowledges that on or about March 19, 2021, he was personally served by the U.S. Marshal at his residence with a copy of the summons and complaint in this case.[1] (Id. at 1 ¶ 3.) This was the first time he had been personally served with a complaint at his home. (Id. at 1-2 ¶ 3.) In the past, CDCR would contact him regarding inmate lawsuits, and he was not sure what to do in response to the documents served on him. (Id. at 2 ¶ 3.) Defendant Zamora attempted to contact the Litigation Coordinator at CSP but did not receive a call back. (Id. at 2 ¶ 4.) He left messages with Litigation Coordinators at other prisons where he believed Plaintiff was housed, but he never heard back. (Id.) He finally heard from someone from CDCR in August 2021 and received forms in the mail to request representation from the Attorney General's Office, and he thereafter signed and returned the forms on or about August 31, 2021. (Id. at 2 ¶ 5.)

**Discussion**

Defendant Zamora has now appeared in this case and states that he intends to defend it. Thus, at this juncture, Plaintiff cannot show that Defendant Zamora has failed to plead or otherwise defend this action. The court finds good cause to deny Plaintiff's request for entry of default and discharge the order to show cause issued on August 6, 2021. Within thirty days from the date of service of this order Defendant Zamora shall file a response to Plaintiff's Second Amended Complaint.

**IV.    CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for entry of default against Defendant Zamora, filed on August 2, 2021, is DENIED;

---

[1] Defendant Zamora's response to Plaintiff's Second Amended Complaint was due on or before April 9, 2021. Fed. R. Civ. P. 12(a), 6(d).

2. The court's order to show cause, issued on August 6, 2021, is DISCHARGED; and

3. Within thirty days from the date of service of this order, Defendant Zamora is required to file a response to Plaintiff's Second Amended Complaint.

IT IS SO ORDERED.

Dated:   **October 22, 2021**                    **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE