UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>           Plaintiff,<br><br>vs.<br><br>ARNETTE, et al.,<br><br>           Defendants. | 1:16-cv-01212-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br>**(ECF No. 118.)** |

## I. BACKGROUND

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. This case now proceeds with Plaintiff's ADA claims against defendants Vasquez, Keener, Gonzalez, Flores, Arnett,[1] Zamora, and Lopez; Plaintiff's Eighth Amendment Claims against defendants Vasquez, Keener And Gonzalez; and Plaintiff's Due Process Claims against defendants Vasquez, Keener, and Gonzalez.

---

[1] Sued as Arnette.

Defendants Vasquez and Lopez remain unserved. On February 8, 2021, summonses were returned unexecuted by the United States Marshal as to Defendants Vasquez and Lopez with the following notations: "Returning process unexecuted due to not enough information to identify Vasquez" and "Returning process unexecuted due to not enough information to identify Lopez." (ECF No. 69.)

On March 24, 2021, the court issued an order to show cause, requiring Plaintiff to respond and show cause why defendants Lopez and Vasquez should not be dismissed for Plaintiff's failure to provide sufficient information to effect service. (ECF No. 72.) On June 23, 2021, Plaintiff responded that defendants Lopez and Vasquez should not be dismissed because "all avenues to serve them has [*sic*] yet to be explored." (Id. at 90:20-21.) Plaintiff indicated that he had made a request through discovery to produce service information, and he had an opportunity to speak to the litigations coordinator directly.

On July 1, 2021, Defendants' request to modify the scheduling order was granted and the discovery deadline was extended to August 5, 2021. (ECF No. 93.) On August 2, 2021, Plaintiff filed a motion to compel (ECF No. 97), and on October 18, 2021, the motion was granted in part (ECF No. 111). The court ordered Defendants to respond to Plaintiff's Request for Production No. 3, which sought "adequate information in order to properly serve Defendants Vasquez and Lopez," within thirty days. (ECF No. 111 at 5:3-5.)

On December 3, 2021, the court issued an order requiring Plaintiff to provide information sufficient to identify defendants Vasquez and Lopez and locate them for service of process, within twenty-one days. (ECF No. 117.)

On December 20, 2021, Plaintiff filed a motion for sanctions. (ECF No. 118.) On January 10, 2022, Defendants filed an opposition to the motion. (ECF No. 120.) Plaintiff's motion for sanctions is now before the court. Local Rule 230(*l*).

## II.     DISCOVERY SANCTIONS

Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3)

(sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents). The Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ. P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions," Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

Plaintiff contends that nearly sixty days have passed and Defendants have not complied with this court's October 18, 2021 order compelling Defendants to respond to Plaintiff's discovery requests. Specifically, Plaintiff argues that Defendants failed to provide information to enable service of process upon Defendants Vasquez and Lopez. (ECF No. 111.) Plaintiff asserts that Defendants have not notified him that the two remaining defendants have been served or that their addresses were provided to the Marshals Service. Plaintiff surmises that because he is incarcerated it would be illegal to provide him with defendants' actual addresses. As sanctions for Defendants' noncompliance, Plaintiff requests an entry of judgment in favor of Plaintiff, or at the very least, $20,000.00.

Defendants filed an opposition to Plaintiff's request indicating that they complied with the court's October 18, 2021 order before the order was issued by responding to Plaintiff's Request for Production of Documents No. 3, which sought "adequate information in order to properly serve Defendants Vasquez and Lopez." Defense counsel Janet N. Chen declares that on September 1, 2021, her office served Defendants' Responses to Plaintiff's Second Set of Requests for Production of Documents, and on November 15, 2021, after the Court issued its October 18, 2021 order, she sent Plaintiff a letter informing him that Defendants had complied with the court's order having properly served responses on September 1, 2021. (Chen Decl., ECF No. 120 at 5 ¶¶ 4, 5 and Exhs. A & B.)

Plaintiff's Request No. 3 and Defendants' Response, dated September 1, 2021, follow.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 3:**

"Produce adequate information in order to properly serve Defendants Vasquez and Lopez."

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this request on the grounds it is vague and ambiguous as to "adequate information" and "properly serve." The request is also not the proper subject of a request for production of documents as it seeks "information" as opposed to documents or things. Defendants further object because Plaintiff does [not] specify the documents or types of documents that he seeks. Defendants further object on the grounds that Plaintiff, who is bringing this lawsuit, is in the best position to provide information regarding the identities of the individuals he is suing. Defendants further object on the grounds that the request calls for speculation. Without waiving any objection, Defendants respond as follows:

Defendants argue that they do not know who Plaintiff is referring to by "Defendants Vasquez and Lopez" and are therefore unable to provide information to "properly" serve them. Vasquez and Lopez are both common last names. Furthermore, Defendants do not recall the events alleged in the complaint from 2012 because nothing significant occurred (no incident report was generated as a result of the alleged events).

The only information available to Defendants regarding Vasquez and Lopez are contained in Plaintiff's complaint and the 602 appeal (log no. COR-12-05951) that Plaintiff submitted regarding the claims in his complaint. A copy of the 602 appeal and the related responses is produced in response to this document request.

In the 602 appeal, Plaintiff complained that Correctional Officer (CO) Arnett, CO Flores, CO Lopez, CO Zamora, CO, Vasquez, Correctional Sergeant Gonzales, and Correctional Lieutenant Keener discriminated against him and denied him medical treatment. In the appeal Plaintiff complained that he had a medical emergency in the visiting room on August 11, 2012. In the appeal, Plaintiff complained that he was taken out by medical staff and that "these C/Os" denied him medical treatment when they wheeled him back to his cell and CO Flores dumped him on the floor. In the appeal, Plaintiff complained that he tried to see his parents in visiting the next day, but CO Arnett "cut up" his ID and threw it out the window of the program office. In the appeal, Plaintiff complained that CO Lopez and CO Zamora told him he couldn't use his bed card to go to visiting. In the appeal, Plaintiff complained that he was "then abruptly moved out

of the only building that was medically-equipped for [him] to shower and banned by CO Vasquez or Velasquez the buildings tower C/O that somehow got the move stopped when it was authorized by medical." Section D of the appeal provides additional information, provided that Plaintiff, that he was moved from "5 block" to "1 block" and that Vasquez allegedly "killed" the move.

Using information contained in the 602 appeal and related response—both of which are available to Plaintiff [as] it is his 602 appeal—Defendants are only able to provide the following information about Vasquez and Lopez:

- Vasquez (or Velasquez) was a Correctional Officer employed at Corcoran State Prison on August 11, 2012, and was assigned to the Facility where Plaintiff was housed, and was a "tower cop."
- Lopez was a Correctional Officer employed at Corcoran State Prison on August 11, 2012, and was possibly assigned to the Facility where Plaintiff was housed or visiting. After a reasonable and diligent search, which included reviewing available FLSAs from 2012, Defendants were unable to locate any other documents or information responsive to this request.

(ECF No. 120 at 20-21.)

**III.   DISCUSSION**

Defendants appear to have fully responded to Plaintiff's Request for Production of Documents No. 3, and the court finds no willfulness, bad faith, or fault by Defendants to justify the imposition of terminating sanctions.  Defendants' evidence shows that they timely responded to Plaintiff's discovery requests and also complied with the court's October 18, 2021 order, which compelled them to respond to Plaintiff's Request for Production No. 3.

Defendants attest that the only information available to them regarding Vasquez and Lopez is contained in Plaintiff's complaint and the 602 appeal (log no. COR-12-05951) that Plaintiff submitted regarding the claims in his complaint.  They claim that they have made a reasonable and diligent search, including reviewing available FLSAs from 2012.

Defendants cannot be compelled to provide information to Plaintiff that is not available to them.  In this case, neither the Marshal nor the CDCR were able to identify Defendants

Vasquez and Lopez with the information provided by Plaintiff. Plaintiff is reminded that it is his responsibility to provide information to the Marshal that is sufficient to serve process on Defendants. "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

### IV.   CONCLUSION

The court finds no willfulness, bad faith, or fault by Defendants to justify the imposition of terminating sanctions, or good cause to impose other sanctions, for failure to comply with the Court's October 18, 2021 order granting in part Plaintiff's motion to compel. Therefore, Plaintiff's motion for sanctions shall be denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for sanctions, filed on December 20, 2021, is denied.

IT IS SO ORDERED.

   Dated:   **January 31, 2022**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE