UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>                   Plaintiff,<br><br>     vs.<br><br>ARNETTE, et al.,<br><br>                   Defendants. | **1:16-cv-01212-DAD-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS VASQUEZ AND LOPEZ BE DISMISSED FROM THIS CASE BASED ON PLAINTIFF'S FAILURE TO EFFECT SERVICE**<br>**(ECF No. 118.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.  This case now proceeds with Plaintiff's ADA claims against defendants Vasquez, Keener, Gonzalez, Flores, Arnett,[1] Zamora, and Lopez; Plaintiff's Eighth

---

[1] Sued as Arnette.

Amendment claims against defendants Vasquez, Keener and Gonzalez; and Plaintiff's due process claims against defendants Vasquez, Keener, and Gonzalez.

All of the Defendants have been served except Defendants Vasquez and Lopez.

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

*Background*

On June 8, 2020, the Court issued an order directing the Marshal to initiate service of process upon Defendants in this action. (ECF No. 48.) On November 6, 2020, the court issued a Discovery and Scheduling Order setting a discovery deadline of April 6, 2020 and a dispositive motions filing deadline of June 6, 2021. (ECF No. 59.)

On February 8, 2021, summonses were returned unexecuted by the United States Marshal as to Defendants Vasquez and Lopez with the following notations: "Returning process unexecuted due to not enough information to identify Vasquez," and "Returning process unexecuted due to not enough information to identify Lopez." (ECF No. 69.)

On March 24, 2021, the court issued an order to show cause, requiring Plaintiff to respond and show cause why defendants Lopez and Vasquez should not be dismissed for Plaintiff's failure to provide sufficient information to effect service. (ECF No. 72.) On June 23, 2021, Plaintiff responded, arguing that defendants Lopez and Vasquez should not be dismissed because "all avenues to serve them has [*sic*] yet to be explored." (Id. at 90:20-21.) Plaintiff indicated that he had made a request through discovery to produce service information, and he had an opportunity to speak to the litigations coordinator directly.

On July 1, 2021, Defendants' request to modify the scheduling order was granted, and the discovery deadline was extended to August 5, 2021. (ECF No. 93.) On August 2, 2021, Plaintiff filed a motion to compel (ECF No. 97), and on October 18, 2021, the motion was granted in part (ECF No. 111). The court ordered Defendants to respond to Plaintiff's Request for Production No. 3, which sought "adequate information in order to properly serve Defendants Vasquez and Lopez," within thirty days. (ECF No. 111 at 5:3-5.)

On September 30, 2021, Defendants filed a motion to modify the court's scheduling order. (ECF No. 109.) On October 15, 2021, the court granted Defendants' motion and vacated the deadlines in the court's Discovery and Scheduling Order, pending resolution of the pending service issues. (ECF No. 110.)

On December 3, 2021, the court issued another order requiring Plaintiff to provide information sufficient to identify defendants Vasquez and Lopez and locate them for service of process, within twenty-one days. (ECF No. 117.) The twenty-one-day time period has expired, and Plaintiff has not provided the information requested by the court.

## III.     CONCLUSION AND RECOMMENDATIONS

Plaintiff has not provided information sufficient to serve Defendants Vasquez and Lopez with process. Therefore, based on the foregoing, the court shall recommend that Defendants Vasquez and Lopez be dismissed from this action, without prejudice.

Accordingly, it is **HEREBY RECOMMENDED** that:

1. Defendants Vasquez and Lopez be dismissed from this case pursuant to Rule 4(m), without prejudice, based on Plaintiff's failure to effect service; and

2. This case be referred back to the magistrate judge for all further proceedings, including the issuance of a new scheduling order.

IT IS SO ORDERED.

Dated: **January 31, 2022**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE