UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>        Plaintiff,<br><br>    vs.<br><br>ARNETTE, et al.,<br><br>        Defendants. | **1:16-cv-01212-DAD-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**ORDER SUBMITTING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE FOR CONSIDERATION**<br><br>**(ECF No. 123.)** |

**I.  BACKGROUND**

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

On February 15, 2022, Plaintiff filed a motion for reconsideration of the court's order issued on January 31, 2022, which denied Plaintiff's motion for sanctions. (ECF No. 123.) On March 1, 2022, Defendants filed an opposition to Plaintiff's motion for reconsideration. (ECF No. 124.)

Together with his motion for reconsideration, Plaintiff also filed objections to the findings and recommendations issued on February 1, 2022. (ECF No. 123)

**II.  MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff seeks reconsideration of the court's order issued on January 31, 2022, which denied Plaintiff's motion for imposition of sanctions on Defendants for their failure to comply with the court's order compelling them to respond to a request for production of documents which sought names and addresses of two un-served Defendants, Vasquez and Lopez, to enable service of process.  Plaintiff contends that Defendants did not use diligence to identify and locate the two Defendants.

Defendants argue that the motion for reconsideration should be denied because Plaintiff has not presented the Court with any newly-discovered evidence, shown that the Court committed clear error in its rulings, or pointed to any intervening change in controlling law.  Defendants argue that the Court has already considered and rejected Plaintiff's claim.

The Court agrees with Defendants, Plaintiff has not shown "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(k).   Instead, Plaintiff merely disagrees with the Court's decision and essentially repeats that which was already considered by the Court in rendering its decision.   Accordingly, Plaintiff fails to show any reason why the Court should reconsider its prior order, and the Court will deny his motion for reconsideration.

### III.     OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS

Plaintiff has filed objections to the pending findings and recommendations issued on February 1, 2022.  The undersigned shall submit Plaintiff's objections to the United States District Judge assigned to this case, for consideration pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

### IV.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on February 15, 2022, is DENIED; and
2. Plaintiff's objections to the February 1, 2022 findings and recommendations, filed on February 15, 2022, are SUBMITTED for consideration to the United States District Judge assigned to this case.

IT IS SO ORDERED.

Dated:   **May 30, 2022**             /s/ Gary S. Austin
                                                         UNITED STATES MAGISTRATE JUDGE