UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>             Plaintiff,<br><br>      vs.<br><br>ARNETTE, et al.,<br><br>             Defendants. | 1:16-cv-01212-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REVIEW AND CORRECT DEPOSITION TRANSCRIPT, AND GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 141.)**<br><br>**DEADLINE:**<br><br>**SEPTEMBER 29, 2023** |

**I.      BACKGROUND**

Jeremy Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. This case now proceeds with Plaintiff's ADA claims against Defendants Keener, Gonzalez, Flores, Arnett, and Zamora; Plaintiff's Eighth Amendment claims against Defendants Keener and Gonzalez; and Plaintiff's due process claims against Defendants Keener and Gonzalez. (ECF, Nos 47 & 131).

On August 21, 2023, Plaintiff filed a motion to compel and a motion for extension of time. (ECF No. 141.) The Court construes Plaintiff's motion to compel as a motion to review and correct his deposition transcript. On August 30, 2023, Defendants filed an opposition. (ECF No. 142.

## II. MOTION TO REVIEW AND CORRECT DEPOSITION TRANSCRIPT

Rule 30(e) of the Federal Rules of Civil Procedure provides that:

**30(e)  Review by the Witness; Changes.**

> **(1)** *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
>> **(A)** to review the transcript or recording; and
>>
>> **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> **(2)** *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e).

Plaintiff seeks a court order compelling Kern Valley State Prison's Litigation Coordinator to provide Plaintiff with the opportunity to review his deposition transcript and correct any errors. Attached to Plaintiff's motion is an Inmate Request for Interview on form GA-22 to the Litigation Coordinator, dated July 26, 2023, in which Plaintiff requested the following:

> "I've lost count of how many requests I've filed regarding this issue that has gone unanswered and how many times I spoke to the officer to no avail.  I need to go over my deposition to correct any misquotes.  My deadline is the 18th, therefore if there isn't a timely response, I'll be forced to file a motion to compel with the courts."

(ECF No. 141 at 3 (Exhibit)).

Defendants argue that it is too late for Plaintiff to review and make changes to his deposition transcript.  The discovery deadline, March 12, 2023, has expired and granting

Plaintiff's motion now would cause great prejudice to Defendants, who have filed a motion for summary judgment using exhibits from the transcript of Plaintiff's deposition. The deposition was taken on August 5, 2021, and the Attorney General's Office received a copy of the transcript. (Decl. of Jason Torres, ECF No. 142 at 4 ¶¶3, 4.) Counsel for Defendants declares that the deposition transcript was used in preparing Defendants' motion for summary judgment, and specifically pages 18, 20, 22-23, 27, 30, 58, 63-64, 66-67, and 72-73 were used as exhibits in support of the motion. (Id. ¶5.) Defendants argue that allowing changes to the deposition now, after Plaintiff has had an opportunity to read Defendants' arguments in the motion for summary judgment, would greatly prejudice Defendants. Counsel for Defendants declares that he has reviewed a transcript of the deposition, which was lodged with the Court at the time of the filing of the motion for summary judgment on May 12, 2023, and did not find any request to review a copy of the transcript by Plaintiff. (Id. ¶7.)

**Discussion**

Federal Rule of Civil Procedure 30(e) indeed allows for deponents to review deposition transcripts, but only "[o]n request by the deponent or a party before the deposition is completed." Arellano v. California Dep't Corr. & Rehab., No. 120CV00011SABPC, 2022 WL 934135, at *2 (E.D. Cal. Mar. 29, 2022), report and recommendation adopted, No. 120CV00011AWISABPC, 2022 WL 2791994 (E.D. Cal. July 15, 2022) (citing Fed. R. Civ. P. 30(e)(1) ("On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."). Federal Rule of Civil Procedure 30(f)(3) requires the court reporter "when paid reasonable charges," to "furnish a copy of the transcript . . . to any party or the deponent." Fed. R. Civ. P. 30(f)(3). Id.

Plaintiff has not provided evidence that he made a request to review the deposition transcript before the deposition was completed. In his July 26, 2023 request to the Litigation Coordinator, Plaintiff states that he made more than one request to review his deposition transcript, but he does not indicate when or to whom he made requests or whether he received

any response. Plaintiff simply does not provide enough evidence or argument for the Court to allow him to review his deposition testimony and make changes at this late stage of the litigation. Therefore, Plaintiff's motion shall be denied.

Plaintiff is advised that Rule 30(e) permits corrections in form and substance, not changes that significantly alter Plaintiff's responses to deposition questions. Id. (citing Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1225-26 (9th Cir. 2005). Thus, Rule 30(e) allows for corrective, not contradictory, changes. Id. Thus, the answers given in Plaintiff's deposition cannot be contradicted, even if he did intend to make corrections to the transcript's form and substance.

### III. MOTION FOR EXTENSION OF TIME

Plaintiff also requests an extension of time to file an opposition to Defendants' motion for summary judgment. The Court finds good cause to grant Plaintiff an extension of time until September 29, 2023.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to review and correct his deposition, filed on August 21, 2023, is DENIED; and
2. Plaintiff is GRANTED an extension of time **until September 29, 2023**, in which to file an opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:   **September 6, 2023**                    **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE