1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEREMY JONES,                              No.  1:16-cv-01212 KES GSA (PC)

12                  Plaintiff,                   ORDER GRANTING DEFENDANTS'
                                                 MOTION TO STRIKE
13            v.
                                                 (ECF No. 170)
14    ARNETTE, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

18   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          Before this Court is Defendants' motion to strike confidential settlement information filed

21   by Plaintiff.  ECF No. 170.  Plaintiff has filed an opposition to Defendants' motion.  ECF No.

22   171.  For the reasons stated below, Defendants' motion will be granted.

23          I.      DEFENDANTS' MOTION TO STRIKE

24          Defendants' pleading requests that the letter Plaintiff filed with the Court, which was

25   docketed on May 27, 2025 (see ECF No. 169) be stricken from the record (see ECF No. 170 at 3).

26   In support of the motion, Defendants state that Plaintiff's letter contains confidential settlement

27   information that was stated at a settlement conference.  Id.  The information, Defendants argue,

28   was improperly disclosed in direct violation of the Alternative Dispute Resolution Act of 1998,

                                                  1

1   supporting case law and Local Rules.  Id.  In addition, Defendants argue, Plaintiff's letter contains

2   communications that were allegedly made by the settlement judge; it divulges the dollar amount

3   of an offer that was made to him, and it improperly provides Plaintiff's opinion that Defendants

4   were not willing to enter into meaningful negotiations with him.  See ECF No. 170 at 3-4.  For

5   these reasons, they contend, Plaintiff's filing should be stricken from the record.  Id.

6          In response to Defendants' motion, Plaintiff apologizes to the Court and states that he was

7   unaware that discussion within a settlement conference was to be kept from the presiding court.

8   ECF No. 171 at 1.  He further states that he only provided the information so that he could notify

9   the Court that he had done his due diligence.  Id.  At the same time, however, Plaintiff states that

10  he objects to Defendants' motion to strike because "the facts are the facts," and that had

11  Defendants had any intention to enter into meaningful negotiations, this matter would have been

12  settled and there would have been no need to notify the Court.  ECF No. 171 at 1-2.  For these

13  reasons, Plaintiff states, he "stand[s] firm" on his notification to the Court.  Id. at 2.

14         II.    DISCUSSION

15         "Federal Policy favoring a mediation privilege is evidenced in the Alternative Dispute

16  Resolution Act of 1998."  Hodges v. Akeena Solar, Inc., No. C 09-2147 JW (PVT), 2010 WL

17  11484120, at *1 (N.D. Cal. Sept. 17, 2010).  "Maintaining confidentiality is an important

18  component of any successful [ADR] program."  Samadi v. Quality Furniture, No. CV 12-593

19  PHX SRB, 2012 WL 12870242, at *3 (D. Ariz. July 23, 2012) (brackets added).  Confidentiality

20  "enables parties to be forthcoming and candid, without fear that frank statements may later be

21  used against them."  Id.

22         The ADR Act states that "each district court shall, by local rule, provide for

23  confidentiality of the alternative dispute resolution processes and to prohibit disclosure dispute

24  resolution communications." 28 U.S.C. § 652(d).  Consistent with this directive, Local Rule

25  271(m)(1) also states that "all communications made in connection with any [Voluntary Dispute

26  Resolution Program] proceeding . . . shall be privileged and confidential to the fullest extent

27  provided by applicable law."  Id. (brackets added).

28

2

In light of the above, it was improper for Plaintiff to file the letter and put the information in it related to settlement amounts and statements made by the Court, et cetera, in it.  For this reason, Defendants' motion to strike will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion to strike confidential settlement information (ECF No. 170) is GRANTED, and

2.  The Clerk of Court shall STRIKE Plaintiff's letter to the Court, docketed May 27, 2025 (ECF No. 169), from the record.

IT IS SO ORDERED.

Dated:   **July 8, 2025**                    **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

3